IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:11-CR-55

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| | ) | |
| ROBERT LEVERN BAKER, JR. | ) | |

This matter comes now before the court on motion for assignment to a district judge filed May 24, 2011 (DE # 8). Information issued May 19, 2011, charging defendant with three counts of violating civil rights under color of law, 18 U.S.C. § 242. Each charge is a Class A misdemeanor, punishable by up to one year in prison.

Ordinarily, a defendant would go before a magistrate judge for initial appearance, at which proceeding the defendant would be informed of his right to trial, judgment, and sentencing before a district judge, unless the defendant consents to proceedings before a magistrate judge in a case charging petty offense(s) and/or misdemeanor(s). A defendant in a misdemeanor case who does not consent to trial before a magistrate judge will be ordered to appear before a district judge. One who does consent ordinarily proceeds then before a magistrate judge, who is fully authorized under law to dispose of the misdemeanor case, including sentencing.

The motion at issue followed five days after presentation in the regular course of the subject information to the clerk of court by counsel for the government. It requests on the government's behalf assignment of the case to a district judge, because of the seriousness of the allegations, where

defendant is a former law enforcement officer. There is no suggestion sounding in the motion that a magistrate judge is not competent to address case issues arising here. Nor did the government mean to say that Class A misdemeanor cases presided over with consent of defendants by magistrate judges are not serious ones. Rather, the court accepts the motion by the government as a well intended effort to flag the importance of the case also to it, brought against a former law enforcement officer.

The court in its discretion allows the motion, with deference to the request of the charging authority. The court's grant of the requested relief goes, however, hand in hand with expression of confidence that all allegations against every defendant are serious and taken seriously by every member of the court. The clerk shall make random assignment to a district judge.

SO ORDERED, this the 27th day of May, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

2